**UNITED STATES of America, Plaintiff,**

v.

**Henry ANDREWS, Thomas Bates, Roger Bowman, Jeff Boyd, George Carter, Jackie Clay, Edgar Cooksey, Andrew Craig, Jerome Crowder, Lawrence Crowder, Floyd Davis, William Doyle, Harry Evans, Eddie Franklin, Bernard Green, Charles Green, Henry Leon Harris, Earl Hawkins, Louis Hoover, J.L. Houston, Eugene Hunter, Derrick Kees, Isiah Kitchen, Alan Knox, Sammy Knox, Roland Lewis, Felix Mayes, Mel-**

vin Mayes, Walter Pollard, Derrick Porter, Noah Robinson, Michael Sardin, James Speights, Anthony Sumner, Freddie Elwood Sweeney, Melvin Tillman, Edward Williams and Rickie Dean Williams, Defendants.

No. 89 CR 0908–27.

United States District Court,
N.D. Illinois, E.D.

Oct. 22, 1990.

William Hogan and Ted Poulous, Asst. U.S. Attys., Chicago, Ill., for plaintiff.

Ron Clarke, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Defendant Felix Mayes has moved to dismiss the indictment against him in this case on the grounds of prosecutorial misconduct. For the reasons discussed below, this motion is denied.

## FACTUAL ALLEGATIONS

Without citing any authority, Mayes argues that the actions of two federal agents amount to such "egregious prosecutorial misconduct ... that dismissal with prejudice is the appropriate remedy." According to Mayes, these agents improperly attempted to interview him outside the presence of his attorney by posing as defense attorneys. Specifically, he claims that in the "latter part of November, 1989," while at the Chicago Metropolitan Correctional Center ("MCC"), he received a phone call from a federal agent who wanted to talk to him about his brother Melvin Mayes, who is a fugitive in this case. The agent said that he could not talk on the telephone, however, and would come to the MCC along with another agent to speak to him. In order to gain access to the attorneys' interview room, the agent said, he and the other agent would pose as defense attorneys. Ten minutes later, according to Mayes, he was informed that his attorneys were there to see him. He was then taken to the attorneys' room and saw the two federal agents. At this time, he told the guard who was escorting him that he did not want to speak to the two men. The guard replied that he was required to talk to them, which, under the circumstances, Mayes viewed as a threat. Mayes then attempted to give his attorney's business card to a fellow inmate and instructed the inmate to call his attorney to tell him of these events. Only then, after witnessing this transaction, did the two agents give up attempts to talk to Mayes.

The government's version of the events that took place on this day is, not surprisingly, different in several crucial respects. While the government acknowledges that two agents went to see Mayes on November 14, 1989, it asserts that Mayes initiated the contact, not the federal agents. Specifically, it contends that Mayes told an MCC official that he wished to speak to a federal agent about his fugitive brother, Melvin Mayes. The MCC official relayed this message to the two federal agents who then went to the MCC to speak to Mayes. After properly identifying themselves as federal agents, they were escorted to an interview

**1526**

room. After waiting there for a short period, however, the agents were told that Mayes had changed his mind and no longer wanted to speak to them. At this time, the agents left without ever seeing Mayes.

## DISCUSSION

It is not necessary to resolve the glaring factual discrepancies in the competing versions of the events that transpired on the day in question because, even if this Court assumes that Mayes' version is true, he would not be entitled to dismissal of the indictment. According to the Seventh Circuit in *United States v. Serlin*, 538 F.2d 737, 749 (7th Cir.1976), "a dismissal on the ground of government misconduct is justified only in situations where, due to government action, the defendant cannot receive a fair trial and therefore is deprived of due process of law." *See also United States v. Agurs*, 427 U.S. 97, 110 n. 17, 96 S.Ct. 2392, 2400 n. 17, 49 L.Ed.2d 342 (1976). If the rule were otherwise and an indictment could be dismissed without a showing of prejudice, a dismissal for misconduct would amount to a "punishment of society for misdeeds of a prosecutor." *United States v. Stanford*, 589 F.2d 285, 299 (7th Cir.1978), *cert. denied*, 440 U.S. 983, 99 S.Ct. 1794, 60 L.Ed.2d 244 (1979); *see also United States v. Abbott Laboratories*, 505 F.2d 565, 571 (4th Cir.1974) (question depends on fairness to defendants "not whether misconduct of government warrants punishment which also forfeits the rights of society"), *cert. denied*, 420 U.S. 990, 95 S.Ct. 1424, 43 L.Ed.2d 671 (1975). The rule is not otherwise.

Thus, the indictment against Mayes will not be dismissed here because, under his proffered version of the events, there has been no conceivable effect on his right to a fair trial. Mayes has suggested no more than that the agents improperly *attempted* to speak to him. This Court cannot imagine how this could affect Mayes' right to a fair trial. Indeed, not even Mayes has suggested that this right is affected. Thus, while the Court is cognizant of the seriousness of the allegations that have been raised, it finds that they do not merit dismissal of the indictment in this case.

## CONCLUSION

For the foregoing reasons, Felix Mayes' motion to dismiss the indictment against him on the grounds of prosecutorial misconduct is denied. It is so ordered.